{¶ 55} I write separately to express my dissatisfaction with the transcript filed in the case before this court. The trial transcript is 163 pages. In those 163 pages, the transcriber indicated that portions of the recorded testimony were "inaudible" over 500 times. Moreover, it is unclear whether the "inaudible" portion of the transcript was a word, phrase, or an entire sentence.
 {¶ 56} In this technological day and age, an attorney should reasonably expect that a court of record would have a reliable means of recording the proceedings at a trial. When that expectation is woefully proven to be erroneous, it seems too easy to avoid the merits of an argument on appeal by the utilization of App.R. 9. However, to ignore that appellate rule of procedure would require this court to venture into a world of speculation and interpretation that it cannot, nor should not, enter.
 {¶ 57} Accordingly, although I am greatly tempted to glean the gist of the inaudible portions of the transcript by reference to sidebar discussions, I decline to do so. Therefore, this case is a prime illustration of a practice pointer for members of the bar: ascertain before trial the method and reliability of the recordation of trial proceedings, and when in doubt, obtain your own reporter. Failure to do so, as this case illustrates, may be fatal to your appeal.